IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01085-PAB-NYW

TUFFY SECURITY PRODUCTS, INC.

    Plaintiff,

v.

BESTOP, INC.,

    Defendant.

___

**[PROPOSED] ORDER RELATING TO ELECTRONICALLY STORED INFORMATION ("ESI")**

___

The parties anticipate there will be some discovery of electronic information. Counsel for Plaintiff has advised the client of the need to preserve all potentially discoverable electronically stored information ("ESI"). Likewise, counsel for Defendant has advised its client of the need to preserve all potentially discoverable ESI. The parties further agree that they will adhere to the Sedona Principles regarding electronic discovery disputes.

The parties will agree on limitations to electronic discovery to ensure that electronic discovery is reasonable and proportionate. The parties agree to a limit of five document custodians per party for whom ESI will be preserved, and will negotiate in good faith to determine the identities of up to five document custodians for whom ESI will be preserved.

Pursuant to Fed. R. Civ. P. 26(b)(2)(B), the parties agree that data sources that are not reasonably accessible because of undue burden or cost need not be searched, reviewed, or produced. The parties agree that voicemail, instant messaging, social media, and automatically saved versions of documents are not reasonably accessible and to negotiate in good faith if any other sources are determined to not be reasonably accessible as the case progresses.

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

With regard to email, the parties agree:

- General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email") unless specifically requested.

- To obtain email parties must propound specific email production requests. To the extent possible, email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

- Email production requests shall be phased to occur after the parties have exchanged F.R.C.P. 26(a)(1) initial disclosures and requests for basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. Nothing in the foregoing shall limit a party's ability to submit email production requests after other initial requests have been made, notwithstanding if responses to prior requests continue to be subject to production on a rolling basis.

- Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe and requests may be amended pursuant to the parties' conference regarding these parameters.

- Each requesting party shall limit its initial email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave and agree that this limit may be subject to change as discovery progresses. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request in limited circumstances.

- Each requesting party shall limit its initial email production requests to a total of seven (7) search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave and agree that this limit may be subject to change as discovery progresses. The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The Court encourages the parties to confer on a process to test the efficacy of the search terms. To the extent possible, the search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g.,

3

"computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery.

- The parties may agree to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery.
- The parties agree that nothing in the foregoing section with regards to ESI shall limit the scope of discovery as set forth in F.R.C.P. 26(b)(1).

The parties agree to produce documents in PDF, TIFF, native and/or paper file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process. Documents produced in PDF, TIFF, and paper file formats will be produced with unique, sequential production numbers on each page. Emails shall be produced as single page, uniquely and sequentially numbered Bates Numbered Group IV TIFF files not less than 300 dpi resolution, with corresponding load files, with the exception of attached documents that cannot reasonably be converted to TIFF files (e.g.

4

Microsoft Excel spreadsheets), which should be produced in their native format and shall be assigned Bates Numbers. Image files of emails shall be accompanied by searchable text files (".txt") containing the extracted text on a document basis, if available. Emails that are redacted for privilege will also be accompanied by searchable text files obtained by Optical Character Recognition ("OCR") of the redacted images. The extracted text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language). The text files shall be named to match the endorsed Bates Number assigned to the image of the first page of the document. TIFF images shall be accompanied by an image cross-referenced load file ("OPT" and "011") providing paths to all document images and the number of pages the document comprises. The producing party shall also provide a data load file ("Data Load File" or "OAT") corresponding to the TIFF files, that shall contain references to the associated text files and the metadata, as reasonably available, associated with each Production Field mutually agreed upon by the Parties.

The parties are not obligated to produce documents stored in the ordinary course of business in paper form in electronic format or to OCR scanned images of such paper documents.

There is no obligation on the Producing Party to create metadata where none exists or is not reasonably available.

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if there is no objection from the receiving party.

It is so ordered,

DATED this 8th day of February, 2016.

BY THE COURT:

s/ Nina Y. Wang
United States Magistrate Judge

**APPROVED:**

*/s/ Ramon Pizarro*

Ramon L. Pizarro
Law Office of Ramon L. Pizarro
7535 East Hampden Ave., Suite 520
Denver, CO 80231
Phone: 303-779-9551
E-mail: ramon@ramonpizarro.com

ATTORNEY FOR PLAINTIFF

/s/ *Jeffrey A. Sadowski*

HOWARD & HOWARD ATTORNEYS PLLC
Jeffrey A. Sadowski (P28153)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Telephone: (248) 645-1483
Facsimile: (248) 645-1568
Email: JSadowski@HowardandHoward.com
John R. Posthumus
    jposthumus@sheridanross.com
Patricia Y. Ho
    pho@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Telephone: (303) 863-9700
Facsimile: (303) 863-0223
Email: litigation@sheridanross.com

ATTORNEYS FOR DEFENDANT