IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01085-PAB-NYW

TUFFY SECURITY PRODUCTS, INC., a Colorado Corporation,

     Plaintiff,

v.

BESTOP, INC., a Delaware Corporation,

     Defendant.

---

## [Proposed] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY

---

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Tuffy Security Products, Inc. ("Tuffy") and Defendant Bestop, Inc. ("Bestop") (together, the "parties," and individually, a "party"), stipulate to the following Protective Order Governing Confidentiality (the "Protective Order"), and request that the Court enter it.

### 1.    Introduction and Scope

This Protective Order shall govern documents and information exchanged during this action, including but not limited to documents produced by the parties or non-parties, deposition testimony, testimony taken at a hearing or other proceeding, interrogatory answers, responses to requests for admission, and correspondence between counsel (collectively, "Discovery Material").

### 2.    Designation of Certain Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"

Discovery Material may be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the terms of this Protective Order.

### 3.      Good Faith Designation of Discovery Materials

By designating something as Designated Material, counsel for the Designating Party certifies under Rule 26(g) of the Federal Rules of Civil Procedure that to the best of counsel's knowledge, information, and belief formed after a reasonable inquiry that the designation is (a) consistent with the Federal Rules of Civil Procedure and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (b) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (c) not unreasonable.

### 4.      "CONFIDENTIAL" Discovery Materials

Subject to Paragraph 3 above, if the Designating Party believes in good faith that Discovery Material contains non-public information or materials that must be protected against disclosure to third parties, such Discovery Material shall be so identified at the time of service of such Discovery Material by including on each page the legend "CONFIDENTIAL". If the Discovery Material is not in a format that can be easily stamped with such a legend, then the Discovery Material shall be designated "CONFIDENTIAL" using an alternative method. Acceptable alternative methods include identifying "CONFIDENTIAL" Discovery Material in correspondence transmitted with the Discovery Material or for an electronic file using the word "CONFIDENTIAL" in the file name.

### 5. "ATTORNEYS' EYES ONLY" Discovery Materials

Subject to Paragraph 3 above, if the Designating Party believes in good faith that Discovery Material contains materials that comprise highly confidential information that likely would be of value to a competitor or potential competitor of the Designating Party possessing the

information and that such therefore must be protected from disclosure, such Discovery Material shall be so identified at the time of service of such Discovery Material by including on each page the legend "ATTORNEYS' EYES ONLY". ATTORNEYS' EYES ONLY information may include, without limitation, trade secrets, highly sensitive technical information, highly sensitive financial information, marketing plans and forecasts, pricing and cost information, and customer names and lists. Absent a specific order by this Court, once designated as ATTORNEYS' EYES ONLY, such designated information shall be used by the Parties solely in this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

6.      **Limitations on Access to "CONFIDENTIAL" Discovery Material**

Subject to the provisions of this paragraph, Paragraph 3, "CONFIDENTIAL" Discovery Material shall not, without prior written consent of the producing party, (a) be disclosed to anyone other than the Court, its personnel, and the Authorized Personnel specified herein; or (b) be used by anyone other than the producing party for any purpose whatsoever other than the prosecution or defense of this litigation. Nothing herein shall affect any confidentiality obligations to which the parties may be subject pursuant to agreements independent of this litigation, nor shall anything herein constitute an agreement that such obligations will relieve any party of the obligation to produce Discovery Material.

Access to and disclosure of "CONFIDENTIAL" Discovery Material marked and identified in accordance with this Protective Order shall be limited to the Court, its personnel, and Authorized Personnel.  Authorized Personnel are:

(a)     Counsel of record for the parties, including paralegal, secretarial, and clerical personnel reasonably necessary to assist such counsel, and counsel not of record that become signatories to this Protective Order;

(b)     Principals and agents of the parties, or of any of their associated entities, including Tuffy Security Products, Inc. and Bestop, Inc.;

(c)     Technical experts and consultants and their staff who are retained by a party or attorney to assist in this action, but only to the extent reasonably necessary to perform such work. A party desiring to disclose "CONFIDENTIAL" Discovery Material to experts or consultants shall first obtain from each expert or consultant an Acknowledgement in the form provided in Exhibit A, and the attorney for the party shall keep the executed Acknowledgement for a one-year period following the final termination of this litigation.  The disclosing attorney must have a good faith belief that disclosure of such documents to the expert or consultant is necessary for the expert or consultant's review of the issues in this litigation;

(d)     Employees of outside vendors providing copy services and exhibit preparation services in connection with this litigation. A party desiring to disclose "CONFIDENTIAL" Discovery Material to employees of outside vendors shall first obtain from each outside vendor an Acknowledgement in the form provided in Exhibit A, and the attorney for the party shall keep the executed Acknowledgement for a one-year period following the final termination of this litigation;

(e)     Stenographic reporters and videographers engaged for depositions or proceedings necessary to this litigation. A party desiring to disclose "CONFIDENTIAL" Discovery Material to stenographic reporters or videographers shall first obtain from each stenographic reporter or

videographer an Acknowledgement in the form provided in Exhibit A, and the attorney for the party shall keep the executed Acknowledgement for a one-year period following the final termination of this litigation;

(f)      Any person (i) who is identified as an author or recipient, including receipt by copy, of any document or information therein and is not otherwise shown prior to such disclosure not to have received the document or information therein or (ii) who has been identified in writing by the designating party as having been provided with the document or information therein. Such person shall be considered "Authorized Personnel" solely with respect to the specific document or information therein;

(g)      Employees of the parties. A party desiring to disclose "CONFIDENTIAL" Discovery Material to its employees shall ensure that such employees abide by the terms of this Stipulated Protective Order Governing Confidentiality;

(h)      Fact witnesses designated by the parties who may be expected to comment or testify regarding the "CONFIDENTIAL" Discovery Material in deposition or at trial, provided that the party seeking to disclose such "CONFIDENTIAL" Discovery Material shall first obtain from each such witness an Acknowledgement in the form provided in Exhibit A; and

(i)      Such other persons as hereafter may be designated by written stipulation of the parties filed with the Court or by further Court order.

**7.      Limitations on Access to "ATTORNEYS' EYES ONLY" Discovery Material**

Subject to the provisions of this paragraph, Paragraph 3, "ATTORNEYS' EYES ONLY" Discovery Material shall not, without prior written consent of the producing party, (a) be disclosed to anyone other than the Court, its personnel, and the Authorized Personnel specified

herein; or (b) be used by anyone other than the producing party for any purpose whatsoever other than the prosecution or defense of this litigation. Nothing herein shall affect any confidentiality obligations to which the parties may be subject pursuant to agreements independent of this litigation, nor shall anything herein constitute an agreement that such obligations will relieve any party of the obligation to produce Discovery Material.

Access to and disclosure of "ATTORNEYS' EYES ONLY" Discovery Material marked and identified in accordance with this Protective Order shall be limited to the Court, its personnel, and Authorized Personnel.  Authorized Personnel are:

(a)     Counsel of record for the parties, including paralegal, secretarial, and clerical personnel reasonably necessary to assist such counsel, and counsel not of record that become signatories to this Protective Order;

(b)     Technical experts and consultants and their staff who are retained by a party or attorney to assist in this action, but only to the extent reasonably necessary to perform such work. A party desiring to disclose "ATTORNEYS' EYES ONLY" Discovery Material to experts or consultants shall first obtain from each expert or consultant an Acknowledgement in the form provided in Exhibit A, and the attorney for the party shall keep the executed Acknowledgement for a one-year period following the final termination of this litigation. The disclosing attorney must have a good faith belief that disclosure of such documents to the expert or consultant is necessary for the expert or consultant's review of the issues in this litigation;

(c)     Employees of outside vendors providing copy services and exhibit preparation services in connection with this litigation. A party desiring to disclose "ATTORNEYS' EYES ONLY" Discovery Material to employees of outside vendors shall first obtain from each outside

vendor an Acknowledgement in the form provided in Exhibit A, and the attorney for the party shall keep the executed Acknowledgement for a one-year period following the final termination of this litigation;

(d)     Stenographic reporters and videographers engaged for depositions or proceedings necessary to this litigation. A party desiring to disclose "ATTORNEYS' EYES ONLY" Discovery Material to stenographic reporters or videographers shall first obtain from each stenographic reporter or videographer an Acknowledgement in the form provided in Exhibit A, and the attorney for the party shall keep the executed Acknowledgement for a one-year period following the final termination of this litigation;

(e)     Any person (i) who is identified as an author or recipient, including receipt by copy, of any document or information therein and is not otherwise shown prior to  such disclosure not to have received the document or information therein or (ii) who has been identified in writing by the designating party as having been provided with the document or information therein.  Such person shall be considered "Authorized Personnel" solely with respect to the specific document or information therein;

(f)     Fact witnesses designated by the parties who may be expected to comment or testify regarding the "ATTORNEYS' EYES ONLY" Discovery Material in deposition or at trial, provided that the party seeking to disclose such "ATTORNEYS' EYES ONLY" Discovery Material shall first obtain from each such witness an Acknowledgement in the form provided in Exhibit A; and

(g)     Such other persons as hereafter may be designated by written stipulation of the parties filed with the Court or by further Court order.

**8.**      **Designation of Deposition or Other Testimony**

Deposition and other testimony may also be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". During the course of a deposition or other testimony which involves "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material, counsel for a party or witness producing such information may designate on the record the portion(s) of the deposition or other testimony which counsel believes may contain "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information. If such designation is made, those portions of the deposition or other testimony involving such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material will be taken with no one present, except those persons who are authorized to have access to such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material in accordance with this Protective Order. For thirty (30) days after the official transcript is delivered to all counsel, a party may designate in writing other or new portions containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information. A party objecting to any such designation of deposition or other testimony as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall follow the procedure as set forth in Paragraph 13 below.

**9.**      **Production By Non-Parties**

The existence of this Protective Order shall be disclosed to any non-party producing documents or information in this action who may reasonably be expected to desire confidential treatment of such documents or information. Such non-parties may avail themselves of this Protective Order by designating information "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to the terms herein.

**10.      Party's Own Information**

The restrictions on the use of Discovery Material established by this Protective Order are applicable only to Discovery Material received by a party from another party or from a non-party as a direct result of this litigation. A party is free to do whatever it desires with its own Discovery Material.

**11.      Related Material**

The restrictions on the use of Discovery Material established by this Protective Order shall extend to: (i) all copies, extracts, and complete or partial summaries prepared from such Discovery Material; and (ii) portions of briefs, memoranda, or any other writing filed with the Court and exhibits thereto that contain or reflect the content of any such Discovery Material, copies, extracts, or summaries, provided that such writings are marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on at least the first page of the writing.

**12.      Procedures for Filing Designated Material**

Any request to restrict access to Discovery Material must comply with the requirements of D.C.COLO.LCivR 7.2.  <u>This Order does not, by itself authorize the restriction of any information or documents</u>.

**13.      Challenge to Designation**

A party may object to the designation of particular CONFIDENTIAL or ATTORNEYS' EYES ONLY information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. The parties shall confer in good faith and if the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the parties shall call the Court for a

10

discovery hearing to resolve the dispute.  It shall be the obligation of the party designating the

information as CONFIDENTIAL or ATTORNEYS' EYES ONLY to file an appropriate motion

requesting that the court determine whether the disputed information should be subject to the

terms of this Protective Order. If such a motion is timely filed, the disputed information shall be

treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the terms of this Protective

Order until the Court rules on the motion. If the designating party fails to file such a motion

within the prescribed time, the disputed information shall lose its designation as

CONFIDENTIAL or ATTORNEYS' EYES ONLY and shall not thereafter be treated as

CONFIDENTIAL or ATTORNEYS' EYES ONLY in accordance with this Protective Order. In

connection with a motion filed under this provision, the party designating the information as

CONFIDENTIAL or ATTORNEYS' EYES ONLY shall bear the burden of establishing that

good cause exists for the disputed information to be treated as CONFIDENTIAL or

ATTORNEYS' EYES ONLY.

### 14.   Other Protections

(a)    This Protective Order shall not preclude any party from seeking additional

protection with respect to the confidentiality of Discovery Material as that party deems

appropriate. Nor shall any party be precluded from seeking an order from the Court permitting

the disclosure or use of certain Discovery Materials otherwise prohibited by this Protective

Order;

(b)    Nothing herein shall prevent the parties from mutually agreeing in writing to the

use or disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material

other than as permitted by this Protective Order;

(c)      If it becomes necessary for counsel for a party receiving "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material to seek the assistance of any person other than those specified in Paragraph 3 above, the following procedures shall be employed:

i. Counsel for the receiving party shall notify, in writing, counsel for the producing party of the desire to disclose such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material and shall identify the person(s) to whom counsel intends to make such disclosure;

ii. If no objection to such disclosure is made by counsel for the producing party within two (2) business days of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving party shall serve upon opposing counsel, prior to disclosure, an Acknowledgement in the form set forth in Exhibit A whereby such person(s) agree to comply with and be bound by this Protective Order;

iii. If the producing party objects to such disclosure, no disclosure shall be made at that time. However, any party may bring before the Court the question of whether the particular "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material can be disclosed to the designated person(s) and the party making the designation shall have the burden of establishing before the Court the necessity for such designation.

**15.      Inadvertent Disclosure**

(a)      If, through inadvertence, a party produces "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material in this litigation without marking the information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", the producing party may

subsequently inform the receiving party in writing of the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" nature of the disclosed information, and the receiving party shall treat the disclosed information in accordance with this Protective Order after receipt of such written notice and make reasonable efforts to retrieve any such material that has been disclosed to persons not authorized to receive the material under the terms hereof. A party objecting to any such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation shall follow the procedures set forth in Paragraph 13 above. Prior disclosure of material later designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute a violation of this Protective Order.

(b)      If "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, if appropriate, to the Court and, without prejudice to other rights and remedies of any party, take reasonable and appropriate measures to prevent further disclosure by it or by the person who was the recipient of such information.

(c)      If a disclosing party through inadvertence produces or provides Discovery Material that it believes is subject to a claim of attorney-client privilege, work product protection, or any other privilege, the disclosing party may give written notice to the receiving party that the Discovery Material is deemed privileged and that return of the Discovery Material is requested. Upon such written notice, the receiving party shall immediately gather the original and all copies of the Discovery Material of which the receiving party is aware and shall

immediately return the original and all such copies to the disclosing party. Return of this Discovery Material by the receiving party shall not preclude the receiving party from moving the Court to compel production of the returned Discovery Material.

**16.    Materials Not "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"**

Notwithstanding the designation and protection of any materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material, such Discovery Material shall not be deemed confidential and shall not be subject to this Protective Order, if the contents and/or substance thereof:

(a)        is, at the time of disclosure, in the public domain by publication or otherwise and is not otherwise protected from disclosure as a result;

(b)        becomes at any time, through no act or failure to act on the part of the recipient party, part of the public domain by publication or otherwise;

(c)        is already in the possession of a party at the time of disclosures by another party and was acquired other than directly or indirectly from the disclosing party under conditions requiring the confidential treatment of the material; or

(d)        is made available to a party by a third-party who obtained the same by legal means and without any obligation to the party claiming its confidential nature.

**17.    Return of Discovery Material**

After this case is completed, through settlement or litigation, including the exhaustion of all appeals, each party, unless otherwise agreed in writing by counsel for the parties, shall have thirty (30) calendar days to notify the other parties in writing whether it wants (1) the return of its produced materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY",

including all copies, extracts, and summaries thereof; or (2) the destruction of these materials by the party, person, or firm in possession. Any documents, copies, extracts, or summaries that constitute attorney work product may be retained by counsel or destroyed. The return or destruction of these materials shall occur within sixty (60) days after this written notice is received. The party returning or destroying materials under this paragraph shall provide written certification to the producing  party attesting to the return or destruction of all designated materials.

**18.     Waiver or Termination**

This Protective Order's provisions may not be modified, waived, or terminated except by order of the Court. This Protective Order shall survive the final termination of this litigation with respect to any retained "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material. Termination of this litigation shall not relieve any person from the obligations of this Protective Order, unless the Court orders otherwise. The Court shall retain jurisdiction to enforce the Protective Order despite the termination of this lawsuit.

**19.     Notice**

All notices required by this Protective Order are to be served via email to the outside counsel for the parties. The date by which a party to this action receiving the notice shall respond, or otherwise take action, shall be computed from the date that the email was received. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the party designating Discovery Material under this Protective Order.

20.    **Other Proceedings**

By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude any other court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order, who receives a written request, subpoena, or court order seeking disclosure of another party's "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material, shall promptly (no more than five (5) business days after receipt) notify counsel for the producing party of the request, subpoena, or court order and shall provide a copy of the same.

DATED: February 8, 2016                    BY THE COURT:

                                           s/ Nina Y. Wang
                                           United States Magistrate Judge

**SUBMITTED AND APPROVED AS TO FORM AND CONTENT THIS 4th DAY OF February , 2016:**

*/s/Ramon Pizarro*                         /s/  *Jeffrey A. Sadowski*

Ramon L. Pizarro                           HOWARD & HOWARD ATTORNEYS
Law Office of Ramon L. Pizarro             PLLC
7535 East Hampden Ave., Suite 520          Jeffrey A. Sadowski (P28153)
Denver, CO 80231                           450 West Fourth Street
Phone:  303-779-9551                       Royal Oak, Michigan 48067-2557
E-mail: ramon@ramonpizarro.com             Telephone: (248) 645-1483
                                           Facsimile: (248) 645-1568
                                           Email:
                                           JSadowski@HowardandHoward.com
ATTORNEY FOR PLAINTIFF                      John R. Posthumus
                                                   jposthumus@sheridanross.com
                                           Patricia Y. Ho
                                                   pho@sheridanross.com
                                           SHERIDAN ROSS P.C.
                                           1560 Broadway, Suite 1200

16

Denver, Colorado 80202-5141
Telephone: (303) 863-9700
Facsimile: (303) 863-0223
Email:

litigation@sheridanross.com

ATTORNEYS FOR

DEFENDANT

**EXHIBIT A**

WRITTEN ACKNOWLEDGEMENT TO ABIDE BY THE TERMS
OF THE STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY

I,_____, do solemnly swear that I have received a copy of the Stipulated Protective Order Governing Confidentiality that was entered in connection with *Tuffy Security Products, Inc. v. Bestop, Inc.*, Case No. 15-cv-01085-PAB-NYW in the United States District Court for the District of Colorado, and I hereby agree to be bound by its terms and conditions. I recognize that during my participation in the handling and development of this case I may have occasion to read or hear of Discovery Material that is designated "CONFIDENTIAL." I agree to use any such Discovery Material solely in connection with my participation in this case and for no other purpose. I hereby submit to the jurisdiction of the United States District Court for the District of Colorado for the limited purpose of enforcing said Stipulated Protective Order Governing Confidentiality, and this Acknowledgement.

I am employed by_____and my title is_____. I declare under penalty of perjury that the foregoing is true and correct.

Signature:   _____

Name:        _____

Date:        _____